IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome W. James, #288382, ) | |
| ) | C/A No. 0:08-4079-DCN-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of Corrections; ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

The petitioner, Jerome W. James ("James"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the parties' cross motions for summary judgment. (Docket Entry 14 & Docket Entry 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), James was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondents' motion. (Docket Entry 16.) James filed a response in opposition to the respondents' motion. (Docket Entry 21.) Additionally, James filed his own motion for summary judgment. (Docket Entry 23.) The respondents filed a response in opposition to James's motion. (Docket Entry 24.) These motions are now before the court for a Report and Recommendation. Having carefully reviewed the parties' submissions, the court finds that James's Petition is time barred.

**BACKGROUND**

In March 2002 in Florence County, the grand jury issued five multi-count indictments for James. The first indictment was for first degree burglary, armed robbery, assault and battery of a

high and aggravated nature, and possession of a firearm during commission of a violent crime (02-GS-21-331).  The second indictment was for failure to stop for a blue light, possession of a stolen vehicle, resisting arrest, and second degree burglary (02-GS-21-341).  James's third indictment was for two charges of armed robbery and one charge of possession of a firearm during commission of a violent crime (02-GS-21-363).  The fourth indictment was for possession of a firearm during commission of a violent crime, grand larceny, arson, and two charges of armed robbery (02-GS-21-364).  The fifth indictment was for breaking and entering into a motor vehicle, malicious injury to personal property, grand larceny, and resisting arrest (02-GS-21-365). (App. at 112-21, Docket Entry 15-1 at 115-124 & Docket Entry 15-2 at 9-10.)  In October 2002 in Florence County, James was indicted for escape or attempting escape, lynching, assault and battery with intent to kill, and four counts of assault on a state or local correctional facility employee (02-GS-21-1622).  (Docket Entry 15-2 at 2-3.)  James was represented by Daryl Corbin, Esquire, and on October 31, 2002, pled guilty pursuant to a negotiated plea.  (App. at 15-17, Docket Entry 15-1 at 17-19.)  The circuit court sentenced James to ten years' imprisonment for the charges issued in March 2002 and ten years' imprisonment for the October 2002 charges, to be served consecutively, for a total sentence of twenty years' imprisonment.  (App. at 36-38, Docket Entry 15-1 at 38-40.)  James did not file a direct appeal.

On July 15, 2003, James filed a *pro se* application for post-conviction relief ("PCR").  (See James v. State of South Carolina, 03-CP-21-1303, App. at 47-51, Docket Entry 15-1 at 50-54.)  The State filed a return.  (App. at 52-56, Docket Entry 15-1 at 55-59.)  On February 14, 2005, the PCR court held an evidentiary hearing at which James appeared and testified and was represented by James M. Saleeby, Jr., Esquire.  (App. at 57-100, Docket Entry 15-1 at 60-103.)  By order filed

PJG

August 10, 2005, the PCR judge denied and dismissed James's PCR application. (App. at 101-11, Docket Entry 15-1 at 104-14.)

James sought appellate review and was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney for the South Carolina Office of Appellate Defense. On May 15, 2006, Carter filed a Johnson[1] Petition for Writ of Certiorari and a petition to be relieved as counsel. (Docket Entry 15-5.) The State filed a letter return. (Docket Entry 15-6.) James filed a *pro se* response to the Johnson petition on June 29, 2006. (Docket Entry 15-7.) The South Carolina Court of Appeals denied James's petition in an order dated December 17, 2007. (Docket Entry 15-8.) The remittitur was issued January 3, 2008. (Docket Entry 15-9.)

James filed the instant Petition for a writ of habeas corpus on December 16, 2008. (Pet., Docket Entry 1.) In his Petition, James raises various claims of ineffective assistance of counsel. (Id. at 5-10.)

**DISCUSSION**

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondents argue that James's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time



for seeking such review." 28 U.S.C. § 2244(d)(1)(A). James's conviction became final ten days after October 31, 2002, the date of his sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.") Thus, his conviction became final on November 11, 2002.[2] Accordingly, the limitations period began to run on November 12, 2002 and expired on November 11, 2003, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

James filed his state PCR application on July 15, 2003. At that point, 246 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR Action until January 3, 2008, when the South Carolina Court of Appeals issued the remittitur from its order denying James's petition for a writ of certiorari. At this time, James had 119 days of statutory time remaining, which means that James had until May 1, 2008 to file a timely federal habeas corpus petition.

James's federal Petition was filed on December 16, 2008. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, 348 days

---

[2] November 10, 2002 was a Sunday; therefore, James had until the following Monday, November 11, 2002, to file his direct appeal. See Rule 234(a), SCACR.



of non-tolled time had run from the dismissal of James's PCR Action. Adding the 246 days that accrued between the date his conviction became final and the filing of his PCR application results in 594 days of non-tolled time. Accordingly, James filed his federal habeas application over seven months after the expiration of the one-year limitations period under § 2244(d)(1)(A).

In his response to the respondents' motion for summary judgment, and in his own motion for summary judgment, James appears to present arguments pertaining to the merits of his Petition. However, he does not make any argument in response to the respondents' statute of limitations defense.

## RECOMMENDATION

James's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 14) be granted and that James's motion for summary judgment (Docket Entry 23) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 8, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).